# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GARY TOBIAS,**
**Claimant Below, Petitioner**

**FILED**

September 15, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0639** (BOR Appeal No. 2053841)
(Claim No. 2017026700)

**KANAWHA EAGLE MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary Tobias, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Kanawha Eagle Mining, LLC, by Counsel Billy R. Shelton, filed a timely response.

The issues on appeal are temporary total disability, medical benefits, and additional compensable conditions. The claims administrator closed the claim for temporary total disability benefits on November 2, 2017. On November 14, 2017, it denied a referral to Barry Vaught, M.D. The claims administrator accepted the addition of cervical sprain to the claim on April 18, 2018, and denied the addition of any other cervical conditions. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decisions in its January 8, 2019, Order. The Order was affirmed by the Board of Review on June 13, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Tobias, a coal miner, injured his lower back and neck on May 5, 2017. The May 6, 2017, Employees' and Physicians' Report of Injury indicates Mr. Tobias injured his lower back and the left side of his neck into his left arm. He stated that he was crossing over a conveyor when he stepped down four feet and jammed his back. Mr. Tobias was seen at Raleigh General Hospital and diagnosed with neck and low back sprains. Treatment notes from Raleigh General Hospital that day indicate Mr. Tobias was seen in the emergency room following a work-related back injury.

1

He reported numbness, decreased range of motion, and pain. Lumbar x-rays were unremarkable. Cervical x-rays showed no acute injury. Mr. Tobias was diagnosed with low back pain.

The claim was held compensable for lower back sprain on May 11, 2017. Mr. Tobias completed a second Employees' and Physicians' Report of Injury on May 30, 2017. The physician's section was completed by Freida Lambert, FNP-BC, who diagnosed lumbar, thoracic, and cervical sprains. A lumbar MRI was performed on June 8, 2017, and showed no evidence of disc herniations. A cervical MRI found C5-6 disc bulging and degeneration, C4-5 posterior disc straightening and disc degeneration, and C4-5 multilevel disc degeneration.

Mr. Tobias treated for the compensable injury with Rajesh Patel, M.D. On July 19, 2017 Mr. Tobias reported pain in his lower back and neck due to a work injury. Dr. Patel diagnosed cervical sprain, lumbar sprain, L4-5 disc protrusion, mild lumbar radiculitis, C5-6 and C6-7 disc bulging, thoracic sprain, mild C4-5 cervical neural foraminal stenosis. Mr. Tobias was to continue light duty. Physical therapy was recommended. On August 16, 2017, Mr. Tobias returned and reported that his symptoms had worsened. Dr. Patel recommended referral to a pain clinic to try cervical facet and epidural injections. On October 18, 2017, Mr. Tobias reported little improvement in his symptoms after injections. He was taken off of work until an EMG could be performed. He was provided a work excuse indicating he was off of work from October 18, 2017, through January 17, 2018. On December 11, 2017, Dr. Patel noted that Mr. Tobias was waiting for EMG authorization and that therapy had worsened his symptoms. On January 17, 2018, it was noted that the EMG was denied. Dr. Patel stated that Mr. Tobias's shoulder problems needed to be addressed before his back. Mr. Tobias reported that he was comfortable returning to work so Dr. Patel released him to full duty work.

A September 25, 2017, discharge summary from Bodyworks indicates Mr. Tobias was discharged from physical therapy due to expiration of authorization. The diagnoses were lumbar and cervical bulges and dysfunction as well as left shoulder injury. Mr. Tobias reported improvement in his lumbar and shoulder pain.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on September 28, 2017, in which he opined that the diagnoses of cervical and lumbar sprains were related to the work injury. He noted that Mr. Tobias had preexisting degenerative cervical spondyloarthropathy and degenerative lumbar spondyloarthropathy and opined that the conditions were not related to the compensable injury. Dr. Mukkamala opined that Mr. Tobias had reached maximum medical improvement. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Mukkamala assessed 3% cervical impairment. He then placed Mr. Tobias in Cervical Category I from West Virginia Code of State Rules § 85-20 and adjusted the rating to 0%. For the lumbar spine, Dr. Mukkamala found 5% impairment from Table 75 of the AMA *Guides.* He placed Mr. Tobias in Lumbar Category II. Dr. Mukkamala apportioned 3% of the cervical impairment for preexisting degenerative spondylopathy. His total impairment assessment for the compensable injury was 2%.

Dr. Patel indicated in an October 9, 2017, return to work slip that Mr. Tobias was seen on August 16, 2017, and taken off of work until October 18, 2017. The claims administrator closed

the claim for temporary total disability benefits on November 2, 2017. On November 14, 2017, the claims administrator denied a referral to Dr. Vaught. In a December 11, 2017, Diagnosis Update, Dr. Patel listed the primary diagnoses as sprain, and the secondary diagnoses as cervical disc bulging, left C4-5 neural foraminal stenosis, and left C5-6 neural foraminal stenosis. Dr. Patel completed a return to work slip indicating the claimant could return to full duty on January 22, 2018.

Mr. Tobias testified in a February 1, 2018, deposition that he injured his left shoulder between 2009 and 2011. He also suffered prior injuries to his back and neck. Mr. Tobias stated that for the injury at issue, he reported at Raleigh General Hospital that he injured his back, neck, and left shoulder. Mr. Tobias testified that he was off of work for three or four days and then returned to light duty. He stated that he was taken off of work on August 23, 2017, by Dr. Patel after he was told that there was no more light duty work available. He was released to return to work on January 17, 2018, at his own request.

In a March 7, 2018, letter, Dr. Patel stated that Mr. Tobias started having pain in his neck, lower back, left leg, neck, left shoulder, and left arm after his compensable injury. He was diagnosed with cervical sprain and disc bulging from C5-C7. Dr. Patel noted that Dr. Whitfield examined Mr. Tobias and, after an MRI, he diagnosed probable SLAP tear of the left shoulder, partial to full thickness tear of the subscapularis, and severe acromioclavicular joint osteolysis of the distal clavicle with impingement syndrome. Dr. Whitfield opined that the conditions were related to the compensable injury. Dr. Patel stated that Mr. Tobias was released to return to work on January 17, 2018; however, he still had symptoms. Dr. Patel opined that Mr. Tobias was temporarily and totally disabled from May 5, 2017, through January 17, 2018.

On April 18, 2018, the claims administrator accepted the addition of cervical sprain to the claim but denied the addition of any other cervical conditions. In a June 23, 2017, claim, the Office of Judges held the claim compensable for left shoulder sprain/strain, osteolysis of the distal clavicle, impingement syndrome with bursitis, SLAP tear, and rotator cuff tendon tear. Left shoulder surgery was authorized.

In its January 8, 2019, Order, the Office of Judges affirmed the claims administrator's decisions holding the claim compensable for cervical sprain and denying the addition of other cervical conditions, denying a referral to Dr. Vaught, and closing the claim for temporary total disability benefits. Regarding additional conditions, the Office of Judges determined that the claims administrator's decision was based on Dr. Mukkamala's independent medical evaluation. Dr. Mukkamala opined that Mr. Tobias had preexisting, degenerative cervical and lumbar spondyloarthropathy which were not related to the compensable injury. He stated that Mr. Tobias required no further treatment and was not temporarily and totally disabled. The Office of Judges concluded that Mr. Tobias failed to show that C4-5 and C5-6 cervical neural foraminal stenosis was related to the compensable injury. A June 8, 2017, MRI showed degenerative disc conditions at those levels. Therefore, the Office of Judges concluded that the conditions were likely preexisting. The Office of Judges also concluded that left-sided cervical radiculitis, cervical neural foraminal stenosis, and cervical disc bulging were the result of degenerative conditions, as seen on MRI, and not related to the compensable injury.

Regarding the request for a referral to Dr. Vaught, the Office of Judges found that Dr. Mukkamala opined Mr. Tobias had reached maximum medical improvement and required no additional treatment. The Office of Judges further found that Dr. Patel requested referral to Dr. Vaught for an EMG to determine the source of Mr. Tobias's arm pain. The Office of Judges concluded that the claim was held compensable for cervical sprain. The addition of other cervical conditions, such as radiculopathy, were denied. The Office of Judges concluded that the EMG was requested for treatment of noncompensable, preexisting conditions. Thus, it was properly denied.

Lastly, the Office of Judges concluded that the claim was properly closed for temporary total disability benefits. The Office of Judges found that Dr. Mukkamala determined Mr. Tobias had reached maximum medical improvement and was no longer temporarily and totally disabled. Mr. Tobias argued that Dr. Patel opined in his March 7, 2018, letter that Mr. Tobias was temporarily and totally disabled from May 5, 2017, through January 17, 2018. However, the Office of Judges noted that pursuant to West Virginia Code § 23-4-7a, temporary total disability benefits will cease when the claimant has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. Therefore, the claim was properly closed for benefits following Dr. Mukkamala's September 28, 2017, evaluation. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 13, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The medical evidence indicates that Mr. Tobias suffered a cervical sprain as a result of his compensable injury. Dr. Patel's diagnosis update indicating that cervical disc bulging, left C4-5 neural foraminal stenosis, and left C5-6 neural foraminal stenosis were related to the claim was not supported by the remainder of the evidence since the conditions are likely the result of preexisting degenerative changes. The EMG, performed by Dr. Vaught, was requested for assessment of cervical radiculopathy, a noncompensable condition. It was therefore properly denied. Lastly, the claim was properly closed for temporary total disability benefits because Mr. Tobias reached maximum medical improvement.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 15, 2020**


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison